DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Common Pleas Court judgment that denied a motion to modify the allocation of parental rights and responsibilities.
 {¶ 2} Christi Melvin Martin, defendant below and appellant herein, raises the following assignment of error for review and determination:
"THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION TO MODIFY CUSTODY."[1]
 {¶ 3} On July 5, 2005, appellee filed a motion to modify custody of the parties' minor child, Dillon,[2] born December 28, 1992. On August 12, 2005, the trial court held a hearing to consider the motion. Before the hearing began, the parties agreed that the court could decide the matter based solely upon the child's wishes. The court stated: "I have been informed by counsel that the parties have reached an agreement. The agreement is that they want me to talk with [the child] to determine what he wants to do, if I can. That will be the extent of the hearing. Is that correct?" Both parties responded affirmatively. The parties also agreed that the court need not make a record.
 {¶ 4} After the trial court judge spoke with the child, he again noted that the parties agreed that he could speak with the child "and then come back and make a decision." The court determined that "based on his wishes and what he said I find it would be in his best interest to go ahead and change the custody" from appellant to appellee.
 {¶ 5} Appellant subsequently filed a new trial motion and asserted that the court erred by relying solely upon the child's wishes. At a hearing regarding appellant's new trial motion, the trial court reiterated that the parties agreed to the procedure the court used and that it did not issue R.C. 3109.04 findings "because the parties had agreed not to." Thus, the court denied appellant's new trial motion. This appeal followed.
 {¶ 6} In her sole assignment of error, appellant asserts that the trial court erred by granting appellee's motion to modify the allocation of parental rights and responsibilities. In particular, she argues that the court's sole reliance upon the child's in chambers interview failed to comply with R.C. 3109.04.
 {¶ 7} Initially, we point out that appellate courts review trial court decisions regarding the reallocation of parental rights and responsibilities with the utmost deference. See Davisv. Flickinger (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159;Miller v. Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. Consequently, reviewing courts should not reverse trial court decisions regarding parental rights and responsibilities reallocation unless the trial court abused its discretion.Davis. Abuse of discretion is more than an error of law or judgment; rather, an abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. See Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339,342, 695 N.E.2d 1140; Malone v. Courtyard by Marriott, L.P.
(1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242. To establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, and not the exercise of reason but, instead, passion or bias. See Nakoff v. Fairview Gen. Hosp.
(1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1. Furthermore, under the abuse of discretion standard, a reviewing court may not merely substitute its judgment for that of the trial court. See, e.g., In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181.
 {¶ 8} Reviewing courts are also guided by a presumption that a trial court's factual findings are correct because the trial court is best able to view the witnesses and to observe their demeanor, gestures and voice inflections, and to use its observations in weighing the credibility of the proffered testimony. See, e.g., Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Also, deferential review in child custody cases is crucial because much may be evident in the parties' demeanor and attitude that does not translate to the record. Davis, 77 Ohio St.3d at 419.
 {¶ 9} R.C. 3109.04(E)(1)(a) governs the modification of allocation of parental rights and responsibilities. That provision provides:
The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
* * * *
(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
Thus, to modify the allocation of parental rights and responsibilities, three factors generally guide a trial court's decision: (1) whether a change in circumstances exists, (2) whether modification is in the child's best interests, and (3) whether the benefits that result from the change outweigh any harm. See R.C. 3109.04(E)(1)(a); Clark v. Smith (1998),130 Ohio App.3d 648, 653, 720 N.E.2d 973, 976. The Ohio Supreme Court has held that a change in circumstances must also be significant; in other words, something more than a slight or inconsequential change. See Davis, 77 Ohio St.3d at 416-417; Putnam v. Putnam
(May 17, 2001), Washington App. No. 00CA32; Smith v. Smith
(July 26, 2000), Athens App. No. 00CA07. In Davis,77 Ohio St.3d at 416-417, the court discussed the "change in circumstances" requirement and emphasized that a trial court's finding must not be disturbed absent an abuse of discretion. The court wrote:
"R.C. 3109.04 requires a finding of a `change in circumstances.' Such a determination when made by a trial judge should not be disturbed, absent an abuse of discretion. In determining whether a change in circumstances has occurred so as to warrant a change in custody, a trial judge, as the trier of fact, must be given wide latitude to consider all issues which support such a change, including a change in circumstances because of a child's age and consequent needs, as well as increased hostility by one parent (and that parent's spouse) which frustrates cooperation between the parties between the parties on visitation issues."
 {¶ 10} The Davis court continued:
"Clearly, there must be a change of circumstances to warrant a change of custody, and the change must be of substance, not a slight or inconsequential change. The nomenclature is not the key. As the Wyss court aptly stated:
`The clear intent of that statute is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a `better' environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.' Wyss [v. Wyss (1982)], 3 Ohio App.3d [412] 416 [3 OBR 479, 483], 445 N.E.2d [1153] 1157.
In determining whether a `change' has occurred, we are mindful that custody issues are some of the most difficult and agonizing decisions a trial judge must make. Therefore, a trial judge must have wide latitude in considering all the evidence before him or her * * * and such a decision must not be reversed absent an abuse of discretion. Miller v. Miller (1988), 37 Ohio St.3d 71,523 N.E.2d 846."
Davis, 77 Ohio St.3d at 418.
 {¶ 11} Once a party demonstrates a change in circumstances, a trial court must next consider whether modification serves the child's best interests. R.C. 3109.04(F)(1) specifies the factors courts must consider when determining a child's best interest:
In determining the best interest of a child * * * the court shall consider all relevant factors, including, but not limited to:
(a) The wishes of the child's parents regarding his care;
(b) If the court has interviewed the child * * * regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
(c) The child's interaction and interrelationship with his parents, siblings, and any other person who may may significantly affect the child's best interest;
(d) The child's adjustment to his home, school, and community;
(e) The mental and physical health of all persons involved in the situation;
(f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
(h) Whether either parent previously has been convicted of or pleaded guilty to [certain criminal offenses];
(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
Thus, if a trial court concludes that a change in circumstances has occurred and that a parental rights and responsibilities modification serves a child's best interest, a trial court may still not modify a custody order unless the court determines that the harm likely to be caused by a change of environment is outweighed by the benefits of the change of environment. R.C.3109.04(E)(1)(a); Beaver v. Beaver (2001), 143 Ohio App.3d 1,8-11, 757 N.E.2d 41.
 {¶ 12} In the case sub judice, our review of the record reveals that the parties agreed that if the trial court could ascertain the child's wishes, the court could then decide appellee's motion to modify custody. In view of this stipulation, we are unwilling to conclude that the trial court erred by failing to issue R.C. 3109.04 findings. See In re Ohm, Hocking App. No. 05CA1, 2005-Hocking App. No. 05CA1, 2005-Ohio-3500
(appellant could not complain about trial court's procedure when she stipulated to the procedure); see, generally, Whitehall exrel. Fennessy v. Bambi Motel, Inc. (1998), 131 Ohio App.3d 734,742, 723 N.E.2d 633 (A stipulation, once entered into, is binding upon the parties and is a fact deemed adjudicated for purposes of determining the remaining issues in the case). Appellant agreed to the abbreviated procedure and cannot now complain that the court's use of that procedure constitutes error. As we stated inNezhad v. Kilgore (Dec. 18, 1998), Lawrence App. No. 98CA3:
"Parties may choose to stipulate facts in lieu of presenting evidence. In Peters Motors, Inc. v. Rodgers (1954),161 Ohio St. 480, 120 N.E.2d 80, paragraph two of the syllabus, the court noted that a stipulation of fact renders proof unnecessary. InMarkert v. Bosley (C.P. 1965), 2 Ohio Misc. 109, 113,207 N.E.2d 414, 416, the court explained the effect of a stipulation as follows:
`It is elementary that when an adverse party is willing to stipulate to the truth of a certain allegation, the party having the burden of proving that allegation is relieved from proving it. In other words, the stipulation renders proof unnecessary. See 9 Wigmore, Evidence, Section 2588, 2590, 2591 (3d ed. 1940), stating, in Section 2588, that the stipulation is "a substitute for evidence," and "does away with the need for evidence." See, also, 83 C.J.S., Stipulations, Section 10 f. (7) and (12); PetersMotors, Inc. v. Rodgers (1954), 161 Ohio St. 480, 120 N.E.2d 80
(stipulations of ownership of automobile.)' See, also, In ReFetzer (1997), 118 Ohio App.3d 156, 164, 692 N.E.2d 219, 224;Turner v. Turner (Oct. 18, 1995), Clark App. No. 94 CA 57, unreported.
Because appellants chose to stipulate facts in lieu of presenting evidence, appellants waived any error that may have occurred with respect to the fact that the trial court decided this case without hearing evidence presented by the parties. InState ex rel. V. Cos. v. Marshall (1998), 81 Ohio St.3d 467,471, 692 N.E.2d 198, 202, the court reiterated that `[u]nder the invited error doctrine, a party will not be permitted to take advantage of an error which he himself invited or or induced the trial court to make.' Accord State v. Wilson (1996),74 Ohio St.3d 381, 396, 659 N.E.2d 292, 307; State ex rel. Bitter v.Missig (1995), 72 Ohio St.3d 249, 254, 648 N.E.2d 1355, 1358;Center Ridge Ganley, Inc. v. Stinn (1987), 31 Ohio St.3d 310,511 N.E.2d 106. It is axiomatic that a litigant's failure to raise an issue in a timely manner in the trial court waives the litigant's right to raise that issue on appeal. To allow appellants to waive the presentation of evidence during the September 4, 1997 hearing before the magistrate and, after receiving an adverse decision from the magistrate, ask to present evidence would frustrate the orderly administration of justice. See State v. 1981 Dodge Ram Van (1988), 36 Ohio St.3d 168, 171,522 N.E.2d 524, 527."
 {¶ 13} Similarly, in the case sub judice appellant agreed not to argue or to present any evidence concerning the R.C. 3109.04
factors. She cannot now complain that the trial court erred by failing to apply those factors.[3] Appellant apparently asserts that a trial court's mandatory duty in custody modification cases involves making full and complete findings under the relevant statutes, even if the parties opt to stipulate or to agree to the existence of various statutory factors. Thus, appellant reasons, a court must, in essence, reject the parties' agreement on issues surrounding custody, hear evidence on each relevant factor and make an independent determination regarding each applicable factor. We, however, disagree with appellant that trial courts must, in all custody modification cases, reject parties' agreements or stipulations. If the parties wish to agree or to stipulate to various facts or procedures, absent some compelling reason, such as duress or incapacity or other similar conditions that could cause a party to act other than in a child's best interest, courts should be permitted to accept freely entered into agreements or stipulations unless such agreements or stipulations are not in the child's best interest. In the case sub judice, the parties, acting with the assistance of counsel, agreed in open court to the procedure that the trial court employed and invited the court to decide the issue. We see no reason to conclude that the trial court somehow failed in its duty to resolve this dispute in this matter.
 {¶ 14} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.[4]
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, P.J. Kline, J.: Concur in Judgment Opinion.
[1] Appellant's brief does not contain any assignments of error. See App.R. 16(A). We formulated this assignment of error based upon the argument in her brief.
[2] The record contains inconsistent spellings of the child's name. We use the spelling that appears in appellee's motion to modify custody.
[3] After the trial court denied appellant's new trial motion, appellant filed a second motion to modify the allocation of parental rights and responsibilities. The court held a hearing, applied the R.C. 3109.04 factors and denied her motion.
[4] As we have stated countless times, custody matters involve some of the most difficult and heartwrenching decisions that courts are called to decide. This case is especially difficult in light of the geographical distance between appellant (an the minor child's siblings) and appellee. We urge the parties to fully cooperate with each other in regards to their son's well being. We further note that custody modification decisions may, of course, be subject to further modification. Here, the child's age, wishes and well-being should be fully considered if the trial court is asked in the future to consider custody modification.