[Cite as *Sheeter v. Sheeter*, 2013-Ohio-1524.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| ANNA L. SHEETER, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No. 12CA7 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| MICHAEL D. SHEETER, | : | ENTRY |
| | : | |
| Defendant-Appellee. | : | **Released: 04/09/13** |

_____
APPEARANCES:

Lorene G. Johnston, Jackson, Ohio, for Appellant.

William S. Cole, Jackson, Ohio, for Appellee.

_____

McFarland, P.J.

{¶ 1} This is an appeal by Anna L. Sheeter, Appellant, from the judgment of the Jackson County Court of Common Pleas adopting the Magistrate's decision to terminate the parties' shared parenting plan and decree, and designating Appellee, Michael D. Sheeter, as the custodial parent of the parties' minor children. On appeal, Appellant contends that 1) the trial court erred as a matter of law when it affirmed the Magistrate's decision; 2) the trial court erred as a matter of law and abused its discretion in that the evidence was insufficient to support its conclusion that it was in

the best interest of the children to terminate the shared parenting decree; 3) the trial court erred as a matter of law and abused its discretion in naming Appellee sole residential parent when it was not in the best interest of the children; and 4) the trial court erred as a matter of law and abused its discretion in that its visitation order was not in the best interest of the children.

{¶ 2}  Because we conclude that the trial court did not err or abuse its discretion in terminating the shared parenting decree, naming Appellee as the custodial parent of parties' minor children, and awarding Appellant standard companionship time according to the court's local rule, we find no merit to Appellant's second, third and fourth assignments of error and they are, therefore, overruled.  Additionally, in light of our conclusion that Appellant has failed to affirmatively demonstrate that the trial court failed to exercise independent judgment in adopting the magistrate's decision, we find no merit to Appellant's first assignment of error and it is also overruled.

{¶ 3}  Accordingly, having found no merit in the assignments of error raised by Appellant, the decision of the trial court is affirmed.

FACTS

{¶ 4}  Appellant and Appellee were married on October 9, 2004, and are the parents of two minor children: a son born on April 11, 2005, and a

daughter born on August 4, 2006. Appellant filed a complaint for divorce on October 22, 2007, after Appellee left the marital residence and removed the two minor children. A subsequently filed magistrate's decision dated May 7, 2008, referenced that Appellee had obtained temporary custody of the children just days prior to the filing of Appellant's divorce complaint, and ordered that Appellee continue as the temporary custodian of the children. After a series of contempt motions, motions for emergency orders and referral to court mediation, the parties were able to agree upon a shared parenting plan, which the court adopted as part of its issuance of a shared parenting decree and decree of divorce filed on April 22, 2009.

{¶ 5} The shared parenting plan and decree collectively provided that the parties share time with the children equally. More specifically, the plan provided that the parties were to share physical custody of the children on a rotating two week schedule. Neither party was expressly designated as the residential parent. Then, on June 2, 2010, Appellee filed a motion to terminate and/or modify the existing plan of shared parenting and requested that he be designated the residential parent of the parties' minor children. This filing was followed by a motion in contempt, claiming that Appellant was in contempt of the April 22, 2009, orders.

{¶ 6} Appellant filed a memorandum contra Appellee's motion for termination on June 6, 2010, seeking that Appellee's motion be dismissed and denying she was in contempt. Appellant followed with the filing of an Answer in Contempt on August 11, 2010, denying she had failed to allow Appellee his visitation, as alleged in the contempt motion. The matter was subsequently referred to mediation, which was unsuccessful. The matter proceeded to be heard by the magistrate on October 5, 2010, and May 31, 2011. Post-trial briefs were submitted by the parties afterwards. Appellee's brief continued to seek termination of the plan of shared parenting, and requested Appellee be designated the residential parent. Appellant requested that shared parenting continue, but also the designation of residential parent should shared parenting be terminated.

{¶ 7} On June 29, 2011, the magistrate issued pre-trial orders asking the parties to address the best interest factors in the form of post-trial briefs. Thus, the parties each submitted supplemental post-trial briefs specifically addressing the R.C. 3109.04(F)(1)(a-j) best interest factors. Each party argued they were the more favored parent under a best interest analysis. A magistrate's decision with findings of facts and conclusions of law was issued on September 20, 2011, which terminated the shared parenting plan, designated Appellee as the residential parent, and awarded Appellant

standard companionship with the court's local rules. The magistrate cited his consideration of the R.C. 3109.04(F)(1) factors in rendering his decision.

{¶ 8} Appellant filed objections to the magistrate's decision on October 4, 2011, and filed supplemental objections on January 17, 2012. The trial court issued an order on April 5, 2012, remanding the matter to the magistrate for determination as to whether he considered the R.C. 3109.04(F)(1) factors in reaching his decision. Thus, the magistrate issued another decision with findings of facts and conclusions of law on April 17, 2012, which was followed by a nunc pro tunc magistrate's decision with findings of fact and conclusions of law on April 23, 2012. Appellant again objected to the magistrate's decision. The trial court adopted the decision of the magistrate, over the Appellant's objections, on May 24, 2012. In issuing its order, the trial court noted that it had independently reviewed the record in adopting the magistrate's decision. It is from the trial court's order adopting the decision of the magistrate that Appellant now brings her appeal, assigning the following errors for our review.

ASSIGNMENTS OF ERROR

"I.   THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT AFFIRMED THE MAGISTRATE'S DECISION.

II.   THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN THAT THE EVIDENCE WAS INSUFFICIENT TO SUPPORT ITS CONCLUSION THAT IT WAS

IN THE BEST INTEREST OF THE CHILDREN TO TERMINATE THE SHARED PARENTING DECREE.

III.     THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN THAT NAMING [SIC] DEFENDANT-APPELLEE- FATHER SOLE RESIDENTIAL PARENT WHEN IT WAS NOT IN THE BEST INTEREST OF THE CHILDREN.

IV.     THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN THAT ITS VISITATION ORDER WAS NOT IN THE BEST INTEREST OF THE CHILDREN."

ASSIGNMENT OF ERROR II

{¶ 9}  For ease of analysis, we address Appellant's assignments of error out of order.  In her second assignment of error, Appellant contends that the trial court erred and abused its discretion in terminating the shared parenting decree, arguing that the evidence was insufficient to support the conclusion that such a decision was in the best interest of the children. Thus, we begin our analysis by considering the appropriate standard of review.

{¶ 10}  " 'An appellate court reviews a trial court's decision to terminate a shared parenting plan under an abuse of discretion standard.' " *Nolan v. Nolan*, 4th Dist. No. 11CA3444, 2012-Ohio-3736, ¶ 31; quoting *In re J.L.R.*, 4th Dist. No. 08CA17, 2009-Ohio-5812, ¶ 30.  An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable.  *Blakemore v.*

*Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Further, R.C. 3109.04(E)(2)(c), which governs the termination of shared parenting decrees, provides as follows:

> "The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i) of this section upon the request of one or both parents *or* whenever it determines that shared parenting is not in the best interest of the children." (Emphasis added).

{¶ 11} Here, a review of the record reveals that Appellee filed a motion requesting that the trial court terminate the parties' shared parenting decree. The magistrate, in issuing several pre-trial orders, and also in the issuance of its decision, indicated that the best interest of the children would govern in the determination of whether to grant this request. Further, in his decision, the magistrate indicated he had considered the best interests of the children in terminating the shared parenting decree.

{¶ 12} In adopting the magistrate's decision, over the objections of Appellant, the trial court stated that "[t]he Court, upon its own review, determined the instant shared parenting plan was approved under Ohio Revised Code Section 3109.04(D)(1)(a)(i)." As such, the trial court determined that "[i]n this case, the shared parenting plan may be terminated

upon the request either party without a determination of the best interest of the children." The trial court further noted that the magistrate nevertheless considered the best interests of the children in terminating shared parenting.

{¶ 13} Based upon the plain language of the statute, we are in agreement with the reasoning of the trial court with respect to the termination of the shared parenting agreement. The language of the statute clearly permits shared parenting to be terminated upon the request of one or both parents when the shared parenting decree was approved under R.C. 3109.04(D)(1)(a)(i). The determination by the trial court that the shared parenting plan at issue herein, which was incorporated into a shared parenting decree, was approved pursuant to R.C. 3109.04(D)(1)(a)(i) was not contested either below or on appeal.

{¶ 14} As such, we find no abuse of discretion on the part of the trial court in adopting the magistrate's decision to terminate the shared parenting decree. Accordingly, Appellant's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

{¶ 15} In her third assignment of error, Appellant contends that the trial court erred and abused its discretion in naming Appellee as the sole residential parent, claiming such decision was not in the best interest of the children. "Although a trial court must follow the dictates of R.C. 3109.04 in

deciding child-custody matters, it enjoys broad discretion when determining the appropriate allocation of parental rights and responsibilities." *H.R. v. L.R.*, 181 Ohio App.3d 837, 2009-Ohio-1665, 911 N.E.2d 321, ¶ 13, citing *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988); *Parker v. Parker*, 10th Dist. No. 05AP-1171, 2006-Ohio-4110, at ¶ 23. "An appellate court must afford a trial court's child custody determinations the utmost respect, 'given the nature of the proceeding[,] the impact the court's determination will have on the lives of the parties concerned[, and the fact that] [t]he knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record.' " *H.R.* at ¶ 13, quoting *Pater v. Pater* (1992), 63 Ohio St.3d 393, 396, 588 N.E.2d 794 (1992) (alterations sic) (other internal quotation omitted).

{¶ 16} As set forth above, we review "a trial court's decision to terminate a shared parenting plan under an abuse of discretion standard." *In re J.L.R.*, supra, at ¶ 30. Further, as set forth above, we have already determined that the trial court's decision to terminate the shared parenting plan and decree, upon the request of Appellee, was not an abuse of discretion. Our present inquiry, however, focuses on whether, after terminating the shared parenting decree, the trial court abused its discretion

in designating Appellee as the custodial parent of the parties' minor children.

{¶ 17} "Upon the termination of a prior final shared parenting decree under [R.C. 3109.04(E)(2)(c) ], the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under divisions (A), (B), and (C) of [R.C. 3109 .04] as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made." R.C. 3109.04(E)(2)(d).

{¶ 18} "When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children." R.C. 3109.04(B)(1). When determining the best interest of the children for purposes of allocating parental rights and responsibilities, a trial court must consider the factors enumerated in R.C. 3109.04(F)(1). See *In re J.L.R.* at ¶ 33.  These best interest factors are as follows, as set forth in R.C. 3109.04(F)(1)(a-j):

"(a) The wishes of the child's parents regarding the child's care;

(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent

has acted in a manner resulting in a child being an abused child

or a neglected child;

(i) Whether the residential parent or one of the parents subject

to a shared parenting decree has continuously and willfully

denied the other parent's right to parenting time in accordance

with an order of the court;

(j) Whether either parent has established a residence, or is

planning to establish a residence, outside this state."

{¶ 19}  Here, the magistrate's decision indicated that the R.C.

3109.04(F)(1)(a-j) factors were considered, and that such consideration

indicated that Appellee should be named the residential parent.  Some of the

facts considered, although in reference to the best interests of the children

for purposes of termination of the shared parenting decree pursuant to R.C.

3109.04(F)(2), were as follows: 1) the fact that the children were enrolled in

two different schools because the parties could not cooperate; 2) the fact that

Appellant's portion of the children's medical expenses remained unpaid, in

part due to her refusal to accept certified mail from Appellee; 3) the parties'

inability to cooperate concerning medical appointments and treatment for the

children; 4) a notation by the parties' minor son's child psychiatrist

referencing the parties' antagonistic relationship toward one another; and 5) the parties' inability to communicate effectively, even by means of email.

{¶ 20} A review of the record reveals that both parties contributed to the above problems. For instance, although Appellant removed one of the children from the school in which Appellee had initially enrolled her, the record indicates that Appellee enrolled the child in that school without Appellant's knowledge or permission. Both of these actions were contrary to the best interests of the children. Further, the trial court cites the parties' inability to communicate and agree upon medical appointments and treatment for the children and the parties' antagonistic relationship. A review of the record indicates the both parties contributed to these problems. For instance, while Appellant failed to cooperate with Appellee in filling out a behavior chart for the parties' son as recommended by the child's psychiatrist, the record also reveals that Appellee unilaterally cancelled a scheduled appointment the child had with the psychiatrist. Thus, both parties, at times, as a result of their inability to communicate and cooperate, acted contrary to the best interests of the children.

{¶ 21} As set forth above, although the trial court was not required to consider the best interests of the children in terminating the shared parenting plan, it did. In light of the foregoing, it is apparent that shared parenting was

unworkable for these parties, and thus, the trial court was faced with the task of designating a residential parent. Although the trial court did not expressly discuss each factor on the record, the magistrate's decision, which was adopted by the trial court states that the R.C. 3109.04(F)(1) factors were considered in reaching the decision to designate Appellee as the childrens' residential parent. While some of the evidence in the record tends to support Appellant, there is also evidence in the record that supports the trial court's decision to designate Appellee as the residential parent. And, in light of our abuse of discretion standard of review, we must be mindful that " 'a reviewing court may not merely substitute its judgment for that of the trial court.' " *Clyburn v. Gregg*, 4th Dist. No. 11CA3211, 2011-Ohio-5239, ¶ 38; quoting *Melvin v. Martin*, 4th Dist. No. 05CA44, 2006-Ohio-5473, ¶ 7; citing *In re Jane Doe I*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991). Thus, even if we were to reach a different conclusion based upon these facts, we cannot conclude that the trial court abused its discretion in designating Appellee as the residential parent of the parties' minor children. Accordingly, Appellant's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

{¶ 22} In her fourth assignment of error, Appellant contends that the trial court erred and abused its discretion in issuing its visitation order,

which awarded Appellant "companionship rights pursuant to [the] Court's guidelines set forth in Local Rule 19." Specifically, Appellant contends that the trial court abused its discretion in granting her companionship time with her children only every other weekend and one evening a week, when, for the last two years, she and Appellee had shared the children equally. In support of her argument, Appellant cites the young age of the children, the fact that they had been used to being with their parents equally for the last three years, and the fact that she has been fully involved in the children's lives. She further argues that cutting a parent out the children's lives is contrary to their best interests.

{¶ 23} As stated above, the trial court "enjoys broad discretion when determining the appropriate allocation of parental rights and responsibilities." *H.R.* at ¶ 13 (citations omitted). This broad discretion also applies to custody proceedings. *In re J.C.*, 4th Dist. No. 09CA3334, 2010-Ohio-4086, at ¶ 9. Further, as discussed above under our consideration of Appellant's second and third assignments of error, after considering the best interest factors set forth in R.C. 3109.04(F)(1)(a-j), the trial court terminated the shared parenting decree and designated Appellee as residential parent of the children.

**{¶ 24}**  Contrary to Appellant's argument, this court has previously noted that awarding a parent a trial court's standard companionship schedule does not cut him or her out the children's lives.  *Clyburn v. Gregg*, supra, at ¶ 46.  Further, and a set forth above, under the abuse-of-discretion standard, "a reviewing court may not merely substitute its judgment for that of the trial court."  *Clyburn* at ¶ 38; quoting *Melvin* at ¶ 7.  Thus, even if this Court would have reached a different decision with respect to Appellant's companionship award,  we cannot conclude that the trial court's ording adopting the magistrate's decision on this issue constituted an abuse of discretion. Accordingly, Appellant's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR I

**{¶ 25}**  In her first assignment of error, Appellant contends that the trial court erred as a matter of law when it affirmed the magistrate's decision.  More specifically, Appellant argues that the trial court failed to undertake an independent review in determining whether the magistrate properly determined all factual issues and appropriately applied the law. Thus, Appellant argues that the trial court abused its discretion in adopting the magistrate's decision.

**{¶ 26}**  Civ.R. 53(D)(4)(d) governs a trial court's ruling on objections to a magistrate's decision. "In ruling on objections, the court shall undertake

an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Id. The trial court's review of a magistrate's decision "contemplates a de novo review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed. The trial court may not properly defer to the magistrate in the exercise of the trial court's de novo review. The magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function." *Knauer v. Keener*, 143 Ohio App.3d 789, 793-94, 758 N.E.2d 1234 (2001).

{¶ 27} Because an appellate court generally presumes regularity in the proceedings below, we presume that the trial court conducted an independent analysis in reviewing the magistrate's decision. *Mahlerwein v. Mahlerwein*, 160 Ohio App.3d 564, 2005-Ohio-1835, 828 N.E.2d 153, ¶ 47. And because of that presumption, the party asserting error bears the burden of affirmatively demonstrating that the trial court failed to perform an independent analysis. *Arnold v. Arnold*, 4th Dist. No. 04CA36, 2005-Ohio-5272, ¶ 31; *Mahlerwein* at ¶ 47. "An affirmative duty requires more than a mere inference [;] it requires [an] appellant to provide the reviewing court with facts to rebut our general presumption." *In re Taylor G.*, 6th Dist. No. L-05-1197, 2006-Ohio-1992, ¶ 21. Simply because a trial court adopted a

magistrate's decision does not mean that the court failed to exercise independent judgment. *State ex rel. Scioto Cty. Child Support Enforcement Agency v. Adams,* 4th Dist. No. 98CA2617, 1999 WL 597257 (July 23, 1999).

{¶ 28} Here, the judgment entry that adopted the magistrate's decision stated:

> "The court has made an independent review as to the objected
>
> matters.  This included a review of all filings by the parties, the
>
> transcript of the proceeding filed by Plaintiff, and a review of
>
> the applicable law.  Upon the independent review, the Court
>
> ascertains that the Magistrate has properly determined the
>
> factual issues and appropriately applied the law."

Thus, the record indicates that the trial court, after conducting an independent review, adopted the magistrate's decision and entered judgment terminating the shared parenting decree, designating Appellee as the residential parent, and awarding Appellant standard companionship time. Additionally, as discussed under our analysis of Appellant's second assignment of error, the trial court noted a different legal standard applied with regard to the issue of termination of the shared parenting decree.  As set forth above, the trial court stated that the decree could be terminated simply

at the request of one of the parties, and did not require a best interest analysis, which, nevertheless, was performed by the magistrate.

{¶ 29} In light of the foregoing, we conclude that Appellant has not affirmatively demonstrated that the trial court failed to exercise independent judgment.   Further, as already set forth in our consideration of Appellant's second, third, and fourth assignments of error, we have found no abuse of discretion on the part of the trial court in terminating the parties' shared parenting decree, designating Appellee as the residential parent and awarding Appellant standard companionship time.  Accordingly, Appellant's first assignment of error is overruled.

**JUDGMENT AFFIRMED**.

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Costs herein are assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J. & Abele, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland
Presiding Judge

# **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**