[Cite as *Cottrill v. Cottrill*, 2017-Ohio-1422.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| EILEEN G. COTTRILL | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Petitioner-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CHARLES R. COTTRILL, JR. | : | Case No. 16CA32 |
| | : | |
| Respondent-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Domestic Relations Division,
Case No.16DV7

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    April 17, 2017

APPEARANCES:

For Petitioner-Appellee

JON J. SAIA
MEGAN M. GIBSON
JESSICA G. D'VARGA
713 South Front Street
Columbus, OH 43206

For Respondent-Appellant

JAMES R. KINGSLEY
157 West Main Street
Circleville, OH 43113

*Wise, Earle, J.*

{¶ 1} Respondent-Appellant, Charles R. Cottrill, Jr., appeals the July 28, 2016 judgment entry of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division, granting a domestic violence civil protection order to Petitioner-Appellee, Eileen Cottrill.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On May 9, 2011, appellant and appellee were married. The parties had two children, one born prior to the marriage and the other born after the marriage.

{¶ 3} On January 15, 2016, appellant filed a divorce action in the Court of Common Pleas of Pickaway County, Ohio (Case No. 2016 DV 003).

{¶ 4} On January 19, 2016, appellee filed a petition for a domestic violence civil protection order for herself and her two children against appellant in the Court of Common Pleas of Fairfield County, Ohio, the trial court herein. Appellee alleged she feared for the safety of herself and her children due to certain behaviors by appellant. The trial court granted an ex parte order on same date.

{¶ 5} On January 22, 2016, the Pickaway County Court issued temporary orders and specifically stated the temporary orders superseded any conflicting provisions in the Fairfield County case.

{¶ 6} On February 1, 2016, appellant filed a motion to exclude the children from any civil protection order because the children were specifically within the jurisdiction of the Pickaway County Court.

{¶ 7} A hearing before a magistrate was held on April 13, 2016. By order filed May 4, 2016, the magistrate issued a domestic violence civil protection order for

appellee only for five years. Findings of fact and conclusions of law were filed contemporaneously with the order. Appellant filed an objection. By judgment entry filed July 28, 2016, the trial court denied the objection, and ordered the May 4, 2016 order to remain in full force and effect.

{¶ 8} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 9} "THE TRIAL JUDGE COMMITTED PREJUDICIAL ERROR BY FAILING TO MAKE A PROPER, DE NOVO, INDEPENDENT REVIEW OF THE MAGISTRATE'S DECISION."

II

{¶ 10} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT RULED AGAINST RESPONDENT ON * * * EVIDENTIARY ISSUES."

III

{¶ 11} "DID PETITIONER FAIL IN HER BURDEN OF PROOF (PREPONDERANCE) THAT SHE SUFFERED BODILY INJURY AND/OR BY THREAT OF FORCE SHE WAS IN FEAR OF IMMINENT SERIOUS PHYSICAL HARM."

I

{¶ 12} In his first assignment of error, appellant claims the trial court erred by failing to make an independent review of the magistrate's decision. We disagree.

{¶ 13} Civ.R. 53 governs magistrates. Subsection (D)(4)(d) states the following:

If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

{¶ 14} As our brethren from the Fourth District explained in *Sheeter v. Sheeter,* 4th Dist. Jackson No. 12CA7, 2013-Ohio-1524, ¶ 27:

Because an appellate court generally presumes regularity in the proceedings below, we presume that the trial court conducted an independent analysis in reviewing the magistrate's decision. *Mahlerwein v. Mahlerwein,* 160 Ohio App.3d 564, 2005-Ohio-1835, 828 N.E.2d 153, ¶ 47. And because of that presumption, the party asserting error bears the burden of affirmatively demonstrating that the trial court failed to perform an independent analysis. *Arnold v. Arnold,* 4 Dist. No. 04CA36, 2005-Ohio-5272, ¶ 31; *Mahlerwein* at ¶ 47. "An affirmative duty requires more than a mere inference [;] it requires [an] appellant to provide the reviewing court with facts to rebut our general presumption." *In re Taylor G.,* 6 Dist. No. L05-1197, 2006-Ohio-1992, ¶ 21. Simply because a trial court

adopted a magistrate's decision does not mean that the court failed to exercise independent judgment. *State ex rel. Scioto Cty. Child Support Enforcement Agency v. Adams,* 4th Dist. No. 98CA2617, 1999 WL 597257 (July 23, 1999).

{¶ 15} In its July 28, 2016 judgment entry overruling the objection and ordering the domestic violence civil protection order to remain in full force and effect, the trial court specifically stated:

The Court has reviewed Respondent's Objection to the Magistrate's Decision filed May 12, 2016, Petitioner's Memorandum Contra filed June 30, 2016, the Magistrate's Findings of Fact and Conclusions of Law filed May 4, 2016, the Domestic Violence Civil Protection Order (CPO) Full Hearing filed May 4, 2016, and the transcript of the proceedings before the Magistrate filed June 7, 2016.

{¶ 16} The trial court concluded the following:

The Court finds that there is no error of law or other defect in the granting of the Domestic Violence Civil Protection Order. Further, the Court finds that credible evidence of the record is sufficient to support the granting of the protection order. Finally, the Court finds that the specific terms in the Domestic Violence Civil Protection Order filed May 4, 2016

are appropriate.  Therefore, the Court finds that Respondent has not met his burden set forth in Ohio Civil Rule 65.1(F)(4)(d)(iii), and the Respondent's Objection to Magistrate's Decision shall be denied.

{¶ 17} Appellant argues this conclusion "violates not only the letter, but also the spirit of Civ. R. 53 "because it was a mere "rubber-stamping" of the magistrate's decision.  Appellant's Brief at 6.

{¶ 18} In *Williams v. Tumblin nka Volk,* 5th Dist. Coshocton No. 2014CA0013, 2014-Ohio-4365, ¶ 37, this court reviewed essentially the same argument and held the following:

> Appellant's argument that the court failed to exercise independent judgment rests on the fact that the court failed to specifically mention certain factors, and also on the fact that the trial court overruled her objections.  However, the trial court's failure to agree with appellant or to specifically discuss every factor weighing into the decision does not rebut the presumption that the trial court conducted an independent analysis in accordance with Civ. R. 53(D)(4)(d).

{¶ 19} Upon review, we find appellant has not met his "burden of affirmatively demonstrating that the trial court failed to perform an independent analysis" as set forth in *Sheeter, supra,* and find the trial court conducted a de novo, independent review.

{¶ 20} Assignment of Error I is denied.

II

{¶ 21} In his second assignment of error, appellant claims the magistrate erred in ruling on evidentiary issues. We disagree.

{¶ 22} In his appellate brief under Assignment of Error II, appellant specifically argues the petition for a domestic violence civil protection order failed due to a fatal variance from the allegations in the petition; the magistrate failed to exclude testimony too remote in time to support a reasonable belief of imminent physical harm; the magistrate permitted appellee on redirect to add facts not testified to on direct and denied on cross-examination; and the magistrate erred by sua sponte finding a sexually oriented offense.

FATAL VARIANCE

{¶ 23} Appellant argues the evidence presented during the hearing varied from the allegations in the petition. The petition filed January 19, 2016 included an attachment wherein appellee made the following pertinent allegations of domestic violence:

{¶ 24} (1) "I am very afraid for my children's safety as well as my own because of Charles's temper."

{¶ 25} (2) "Knowing his past suicidal tendencies and attempts, I feared for my children's safety."

{¶ 26} (3) "Charles often forces sex on me and almost always holds me down during foreplay until I would agree to do whatever he wanted."

{¶ 27} (4) "In 2012 Charles raped (sodomized) me."

{¶ 28} (5) "Charles often grabs me by my hair or face so that I will look him in the eye even when I have asked him not too."

{¶ 29} (6) "He would hit me in the head and act like it was a joke * * *.

{¶ 30} Appellant argues during the hearing, appellee "expanded on, and changed, her grounds," citing the transcript at 60-70. Appellant's Brief at 9. These transcript pages contain the redirect of appellee. Appellee testified to "red marks on my wrists or bruises" from being "held down" "[d]uring sex or while trying to walk away from him, of him grabbing my arms" (T. at 61-62); "[r]ed marks or like welts from being slapped" "on my butt" (T. at 62); he choked me on a "[c]ouple different occasions" and would walk up to me and flick me in the head "as hard as he could in the temple and it would leave red marks" (T. at 63-64); and "he pulled my hair whenever I wouldn't look at him, or if he was trying to get me to come back to him, he would grab my hair and pull it" (T. at 66). We note appellee was subject to recross-examination. T. at 67-70.

{¶ 31} Upon review of the allegations in the petition in relation to appellee's testimony, we do not find a fatal variance to exist because the essential allegations were not changed. Any discrepancies would go to appellee's credibility and the weight of the evidence as noted by the magistrate. T. at 65.

FAILURE TO EXCLUDE TESTIMONY TOO REMOTE IN TIME

{¶ 32} Appellant argues the magistrate erred in permitting appellee to testify on events that occurred in 2011 because those events were too remote in time to the 2016 petition for a domestic violence civil protection order.

{¶ 33} In support of his argument, appellant cites the case of *Williamson v. Williamson,* 180 Ohio App.3d 260, 2008-Ohio-6718, 905 N.E.2d 217 (2nd Dist.), ¶ 50,

quoting *Solomon v. Solomon,* 157 Ohio App.3d 807, 2004-Ohio-2486, 813 N.E.2d 918, at ¶ 27: " 'While it is true that past acts may be used to establish a genuine fear of violence *in the present situation,* there must be an indication that the person was fearful in that present situation. * * * Merely finding that there were *past* acts of domestic violence, without anything more, is not enough to warrant a *present* civil protective order.' " (Emphasis in *Solomon,* omitted in *Williamson.*)

{¶ 34} The *Solomon* court at ¶ 23 acknowledged "the petitioner may rely on past acts to establish a genuine fear of violence *in the present situation.*" (Emphasis sic.) The fear that the petitioner "claimed to have felt and the reasonableness of that fear could and should be determined with reference to her history with" the respondent. *Eichenberger v. Eichenberger,* 82 Ohio App.3d 809, 816, 613 N.E.2d 678 (4th Dist.1992).

{¶ 35} Based on these cases, the trial court did not err in permitting testimony on past acts.

ADDITIONAL FACTS ON REDIRECT

{¶ 36} Appellant argues the magistrate erred in permitting appellee to testify on redirect to additional facts not testified to on direct and denied in cross-examination i.e., injuries she sustained.

{¶ 37} On direct, appellee acknowledged that she did not experience any bruising due to appellant's actions. T. at 28. On cross-examination, appellee again acknowledged that she did not suffer any bodily injury such as bruising, cuts, and scrapes. T. at 37, 42. On redirect, appellee testified to incurring bruises, red marks,

and/or welts on her wrists, head, and/or buttocks.  T. at 61-64, 66.  Appellant's counsel recrossed appellee on the issue of bruises and red marks.  T. at 68-69.

{¶ 38} Because appellant cross-examined appellee on the issue of bruising, cuts, and scraps, the issue was within the scope of redirect.  *Thomas v. Thomas,* 5th Dist. Delaware No. 11CAF090079, 2012-Ohio-2893, ¶ 67.  Again, any discrepancies in testimony goes to credibility and the weight of the evidence.

SUA SPONTE FINDING A SEXUALLY ORIENTED OFFENSE

{¶ 39} Appellant argues the magistrate erred in sua sponte finding a sexually oriented offense by referring to R.C. 3113.31(A)(1)(d).  T. at 100.

{¶ 40} A review of the cited transcript page indicates the magistrate was merely explaining that the statute, R.C. 3113.31(A)(1), has four subsections, (a)-(d), and because "no one has talked about" subsection (d) pertaining to a sexually oriented offense, she directed counsel as follows: "So when you submit your findings of fact and conclusions of law, please submit it with regard to all of those subsections under here." T. at 101.

{¶ 41} While the magistrate mentioned sexual activity in Findings of Fact Nos. 10-14, she specifically concluded appellant violated R.C. 3113.31(A)(1)(a) and (b).  *See* ¶ 45 below.

{¶ 42} Upon review, we find the magistrate did not err in ruling on the complained of evidentiary issues.

{¶ 43} Assignment of Error II is denied.

III

{¶ 44} In his third assignment of error, appellant claims the trial court erred in granting the domestic violence civil protection order.  We disagree.

{¶ 45} A petition for a domestic violence civil protection order is governed by R.C. 3113.31. Subsection (A) states the following:

> (A) As used in this section:
>
> (1) "Domestic violence" means the occurrence of one or more of the following acts against a family or household member:
>
> (a) Attempting to cause or recklessly causing bodily injury;
>
> (b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 [menacing by stalking] or 2911.211 [aggravated trespass] of the Revised Code;
>
> (c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code;
>
> (d) Committing a sexually oriented offense.

{¶ 46} "When granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence.  R.C. 3113.31(D)." *Felton v. Felton,* 79 Ohio St.3d 34, 1997-Ohio-302, paragraph two of the syllabus.

"Preponderance of the evidence" is "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not." *Black's Law Dictionary* 1182 (6th Ed.1990).

{¶ 47} We will review this issue under a manifest weight standard: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). *See also State v. Thompkins,* 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541; *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517.

{¶ 48} In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley* at ¶ 21. This presumption arises because the trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260, 552 N.E.2d 1159. "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Id.* at ¶ 19.

{¶ 49} On April 13, 2016, the magistrate conducted a full hearing. She did an extensive review of the evidence presented and filed lengthy findings of fact and

conclusions of law on May 4, 2016. The magistrate concluded the following (Conclusions of Law Nos. 6-8):

> 6. Respondent, Charles R. Cottrill, Jr., attempted to cause or recklessly caused bodily injury to Petitioner, Eileen G. Cottrill, causing her to experience pain, by choking Petitioner, "flicking" Petitioner in the head, grabbing Petitioner's wrists, "smacking" Petitioner on the "butt," forcibly grabbing Petitioner's head, and continuing sexual activity subsequent to Petitioner's request for him to stop due to pain.

> 7. Furthermore, Petitioner has established by a preponderance of the evidence that due to the totality of the circumstances, Charles R. Cottrill, Jr., through his actions and threats, has placed Eileen G. Cottrill in fear of imminent serious physical harm.

> 8. Charles R. Cottrill, Jr. is in violation of R.C. 3113.31(A)(1)(a) and R.C. 3113.31(A)(1)(b).

{¶ 50} In her findings of fact, the magistrate found several incidents of appellant causing bodily injury to appellee and placing her in fear of imminent serious physical harm. Findings of Fact Nos. 7, 8, 10, 11, 13-16, 18, 19, 24, 25. *See* ¶ 30 above. These findings are supported in the record. T. at 19-20, 24-25, 27-28, 33, 37-39, 42, 53, 61-64, 66.

{¶ 51} Appellant testified and refuted most of appellee's allegations. T. at 81, 82. He admitted to striking her on the buttocks "a little too hard, yes." T. at 80. He

explained he would hold her face by taking his "two fingers, place them under her chin and lift it up so she could look me in the eyes to know that I really cared, that I was there for her." T. at 81. He acknowledged appellee telling him she did not like it whenever he held her head up, so he stopped doing it. T. at 82. On cross-examination, appellant admitted to contacting appellee via text messages and phone calls after the ex parte protection order was in place. T. at 86-87.

{¶ 52} In Finding of Fact No. 26, the magistrate specifically found appellee's testimony to be credible.

{¶ 53} Upon review, we find sufficient evidence was presented to support the trial court's decision on meeting the preponderance of the evidence standard and issuing the domestic violence civil protection order.

{¶ 54} Assignment of Error III is denied.

{¶ 55} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Wise, John, J. concur.

EEW/sg 403