[Cite as *In re C.P.*, 2013-Ohio-889.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| In re: C.P. | : | |
| | : | |
| Adjudicated Delinquent Child and | : | |
| Serious Youthful Offender. | : | Case No. 12CA18 |
| | : | |
| | : | |
| | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| | : | **RELEASED 02/22/13** |

_____

APPEARANCES:

Timothy Young, Ohio State Public Defender, and Brooke M. Burns, Ohio State Assistant Public Defender, Columbus, Ohio, for Appellant.

Keller J. Blackburn, Athens County Prosecutor, and Merry M. Saunders, Athens County Assistant Prosecutor, Athens, Ohio, for Appellee.

_____

Harsha, J.

{¶1}    Following the Supreme Court of Ohio's remand, C.P. appeals the trial court's judgment that classified him as a juvenile offender registrant (JOR) and as a Tier III sex offender/child-victim offender and that imposed the statutory community notification provisions. C.P. raises two constitutional challenges to the JOR and community notification scheme. First, he argues that the R.C. 2950.11 community notification provision violates a juvenile's due process rights because community notification runs counter to the rehabilitative purposes of juvenile sanctions. Next, he argues that the JOR scheme violates due process because it authorizes the trial court to impose a sanction that extends beyond the juvenile court's age jurisdiction. However, because C.P. did not raise either of these arguments during the trial court proceedings, he has forfeited them, and we decline to exercise our discretionary

authority to consider them. Accordingly, we overrule C.P.'s two assignments of error and affirm the trial court's judgment.

## I.  FACTS

{¶2}    This case is before us for a second time; the underlying facts may be found in the Supreme Court's and our prior opinions. *In re C.P. I,* 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729; *In re C.P. I*, 4th Dist. No. 09CA41, 2010-Ohio-1484. In *In re C.P. I,* we rejected C.P.'s constitutional arguments that the public-registry qualified JOR (PRQJOR) scheme violated a juvenile's due process and equal protection rights and that it violated the prohibition against cruel and unusual punishment.  The Ohio Supreme Court reversed our decision and held:  "To the extent that it imposes automatic, lifelong registration and notification requirements on juvenile sex offenders tried within the juvenile system, R.C. 2152.86 violates the constitutional prohibition against cruel and unusual punishment * * * and the Due Process Clause * * *."  *In re C.P. I*, 131 Ohio St.3d 513, syllabus.  The court then remanded the matter to the trial court.

{¶3}    On remand, the court vacated its prior order that automatically classified C.P. as a PRQJOR under R.C. 2152.86.  After a hearing, the trial court classified the child as a JOR under to R.C. 2152.82, with a duty to comply with R.C. 2950.04, 2950.041, 2950.05, and 2950.06.  The court also classified the child as a tier III sex offender/child-victim offender and imposed the R.C. 2950.10 and 2950.11 community notifications provisions.  Essentially, the court imposed the exact same sanctions that it had automatically imposed under R.C. 2152.86, but on remand, it applied them in a discretionary manner under R.C. 2152.82.

## II.  ASSIGNMENTS OF ERROR

{¶4}   C.P. raises two assignments of error:

{¶5}   First Assignment of Error:  "The juvenile court erred when it imposed community notification against C.P., as R.C. 2950.11 violates a juvenile's right to due process by disseminating information about the youth's adjudication to the general public."

{¶6}   Second Assignment of Error:  "The juvenile court erred when it classified C.P. as a tier III juvenile offender registrant because the imposition of a punitive sanction that extends beyond the age jurisdiction of the juvenile court violates the Due Process Clauses of the United States and Ohio Constitutions."[1]

## III.  FORFEITURE/WAIVER

{¶7}   C.P. did not raise either of the constitutional challenges presented in his two assignments of error during the trial court proceedings.  Instead, he raises them for the first time on appeal.

{¶8}   A party forfeits constitutional arguments when the party fails to raise them before the trial court and instead, raises them for the first time on appeal.  *State v. Awan,* 22 Ohio St.3d 120, 489 N.E.2d 277, syllabus (1986).  "The general rule is that 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'  Likewise '[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time.'  Accordingly, the question of the constitutionality of a statute must

---

[1] C.P.'s second assignment of error is strictly limited to the issue of due process and does not contend the juvenile court lacked jurisdiction, either personal or subject matter, to extended sanctions beyond his 21st birthday.  The narrowness of this issue has important ramifications for the analysis that follows.

generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *Id.* at 122 (citations omitted), quoting *State v. Childs*, 14 Ohio St.2d 56, 62, 236 N.E.2d 545, and paragraph three of the syllabus (1968).

{¶9}    However, this forfeiture doctrine, or waiver as it frequently described, is "discretionary:" "Even where waiver is clear, this court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." *In re M.D.*, 38 Ohio St.3d 149, 149, 527 N.E.2d 286, 287, syllabus (1988); *Hill v. Urbana*, 79 Ohio St.3d 130, 133-134, 679 N.E.2d 1109 (1997).  An appellate court ordinarily will enforce the waiver doctrine absent "'some extraordinary reason to disregard it.'" *Zawahiri v. Alwattar*, 10th Dist. No. 07AP-925, 2008-Ohio-3473, ¶14, quoting *Kraft Constr. Co. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio App.3d 33, 46, 713 N.E.2d 1075 (1998).  Here, C.P. does not address the fact that he did not raise the constitutional arguments during the trial court proceedings.  As consequence he fails to present "some extraordinary reason" to explain why we should disregard the waiver doctrine.

{¶10}  Although we could engage in a plain error analysis under Crim.R. 52(B), we are not required to do so.  *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).  The *Barnes* court explicitly acknowledged that a court has discretion when considering whether to invoke the plain error doctrine:  "Crim.R. 52(B) states only that a reviewing court 'may' notice plain forfeited errors; a court is not obliged to correct them.  We have acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to notice plain error 'with the utmost caution, under exceptional circumstances

and only to prevent a manifest miscarriage of justice.'" *Id.*, quoting *State v. Long,* 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus.

{¶11} Here, we choose not to engage in a plain error analysis. C.P. has not raised any argument that the trial court committed plain error. Additionally, even if we could state that the trial court erred by failing to recognize that R.C. 2950.11 is unconstitutional as applied to juveniles and that the imposition of a punishment that extends beyond the juvenile court's age jurisdiction violates due process, it is far from clear that any such errors would be obvious.

{¶12} Additionally, at oral argument, we requested the parties to submit supplemental briefs addressing whether C.P. waived the arguments. C.P. did not specifically address the waiver doctrine, but instead, discussed principles of res judicata. As part of his res judicata argument, C.P. argues that he is not barred from raising the constitutionality of the imposition of a punishment that extends beyond the juvenile court's age jurisdiction because he raised it during his first appeal. However, C.P. makes no argument that he raised either constitutional issue during the trial court's re-classification hearing. His failure to raise the constitutional issues at the re-classification hearing means that he cannot raise them on direct appeal.

{¶13} Moreover, we do not agree with C.P. that he raised these same constitutional issues during his first appeal. During his first appeal, C.P. raised a vague due process claim, an equal protection claim, a cruel and unusual punishment claim, and an ineffective assistance of counsel claim. He did not raise any of the specific arguments that he now raises.

{¶14}  Accordingly, we overrule C.P.'s two assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
       William H. Harsha, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**