[Cite as *Faulks v. Flynn*, 2014-Ohio-1610.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| TRACIE R. FAULKS, | : | Case No. 13CA3568 |
| Plaintiff-Appellant, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| WILLIAM A. FLYNN, | : | |
| Defendant-Appellee. | : | **RELEASED: 4/9/14** |

_____

APPEARANCES:

Richard E. Wolfson, Portsmouth, Ohio, for appellant.

Matthew F. Loesch, Portsmouth, Ohio, for appellee.
_____

Harsha, J.

{¶1}    Tracie Faulks appeals from a judgment terminating a shared parenting plan that had been adopted by the trial court in conjunction with her divorce decree. The new order designated her former husband, William A. Flynn, as the legal custodian and residential parent of the parties' minor child, William, and granted her parenting time in accordance with the court's local rule.

{¶2}    First, Faulks argues that the trial court erred by terminating shared parenting rather than deciding Flynn's motion to modify custody. Implicit in that argument is the assumption that the court had previously terminated shared parenting and awarded her custodial status. Faulks forfeited or waived this argument by failing to raise it in her objections to the magistrate's decision. Moreover, she does not claim or establish plain error in that regard.

{¶3} Next, Faulks argues that the trial court erred by failing to conduct an independent de novo review of the magistrate's decision after she filed timely objections. Because Faulks has not affirmatively demonstrated that the trial court failed to perform an independent analysis of the objections, we reject her argument.

{¶4} Finally, Faulks claims that Loc.R. 6.0 of the Scioto County Court of Common Pleas, Domestic Relations Division, which sets forth a standard visitation schedule, is unconstitutionally burdensome for parties like her and Flynn, who live several states apart. Because Faulks did not raise this issue in the trial court and does not claim plain error, we will not consider it.

{¶5} Therefore, we overrule Faulks's assignments of error and affirm the judgment of the trial court.

## I.  FACTS

{¶6} The parties were married in 1997, and had a son, William, in 1998. After Faulks filed for divorce from Flynn in 2002, the parties filed a shared parenting plan, which was adopted by the trial court when they were divorced in November 2003. Under the shared parenting decree, Faulks was the residential parent for school purposes, and Flynn had parenting time every other weekend during the school year.

{¶7} In 2005, Flynn remarried. In April 2008, Flynn filed a motion to cite Faulks in contempt and a motion to reallocate parental rights and responsibilities. In July 2008, Faulks filed a notice of intent to relocate with the parties' son to South Daytona Beach, Florida. She wanted to move to Florida to be with her boyfriend, who lived and worked there, and because of better business opportunities. In August 2008, the trial court denied Flynn's motion for contempt, ordered that Faulks would remain the residential

parent of the parties' son, permitted Faulks to relocate with the child to Florida, and awarded Flynn parenting time pursuant to Loc.R. 6.0.

{¶8}    Because her job prospects in Florida were not as bright as she had expected, Faulks and the parties' son moved back to Ohio less than a year later. During that time, the parties' son experienced several problems at school, including suspensions and unexcused absences.  He was also disruptive in class.  After the parties reached an agreement in which Flynn would have parenting time every other weekend and in accordance with Loc.R. 6.0, the trial court adopted the agreement as an order of the court.

{¶9}    In August 2010, Faulks and the parties' son moved back to Daytona Beach, Florida and lived with her then boyfriend.  Faulks did not notify the trial court that she and the parties' son were relocating to Florida.  The parties' son continued to experience trouble in school, including talking out in class.  He was diagnosed as suffering from attention deficit hyperactivity disorder ("ADHD") and was initially prescribed Adderall, but his problems at school did not stop.

{¶10}  Eventually, Faulks's boyfriend asked her to decide between him and her son, and Faulks chose her son and moved to an apartment in Orlando, Florida in January 2012.  At that time, Faulks had the parties' son placed in a school in Orlando, which was the child's third school in three years.  Faulks and the parties' son then moved to another apartment in the same school district in November 2012, her fifth move with the child since 2008.  According to Flynn, Faulks refused to give him access to their son's school and medical records.  According to Faulks, the parties' son's school behavior improved when doctors prescribed a new medication for his ADHD.

{¶11} In August 2012, Flynn filed a motion to modify custody, for an interim order, and for an in camera interview.  In March 2013, a trial court magistrate interviewed the child and held a hearing at which the parties presented evidence.  At the hearing, Flynn had counsel, but Faulks proceeded pro se.  Faulks testified that notwithstanding the trial court's August 2008 judgment indicating that she would remain the residential parent of the parties' son and granting Flynn parenting time, she agreed the trial court's 2003 shared parenting order remained in effect.  Flynn similarly testified that his shared parenting rights had never been terminated.

{¶12} The magistrate issued a decision recommending that the trial court terminate the shared parenting plan, designate Flynn the legal custodian and residential parent of the parties' son, and grant Faulks parenting time pursuant to Loc.R. 6.0 of the Scioto County Court of Common Pleas, Domestic Relations Division.  The magistrate's decision included the following pertinent findings of fact:

> 2.  It should be noted that while the parenting time for the parties has been modified by way of Entries dated August 27, 2008 and February 25, 2010, the original Shared Parenting Plan approved by the Court on November 14, 2003 remains in effect and has never been terminated.
>
> * * *
>
> 17.  The evidence at the hearing made it readily apparent that there is still a great deal of animosity and lack of trust between the Father and Mother. There is little to no contact between the parties and the limited contact that takes place appears to be adversarial in nature.  Stated another way, a shared parenting plan is not a realistic alternative at this time.
>
> * * *
>
> 27.  Of significant concern to the Court, is the apparent lack of stability for the Mother.  The Mother has moved no less than five (5) times since 2008 including a move to Florida in 2008, a move back to Ohio in 2009, and another move back to Florida where she currently resides.

28.  Also of significant concern to the Court is the minor child's academic progress, his behavior at school, and his attendance at school.  The school records presented by the Father clearly show that the minor child has struggled in school with grades, discipline issues, and attendance.  While the Mother did submit correspondence from the current school, the Court remains concerned that the minor child continues to struggle academically while in the care and custody of the Mother.

29.  The Court finds that the minor child has attended three different schools in the past three years while in the care of the Mother.  The Court finds that the minor child has been unable to adequately adjust to his school environment due in large part to the constant moving of the Mother.

{¶13}  The magistrate further concluded that "[w]hile a change of circumstances is not necessary to terminate a shared parenting plan under Ohio law, * * * a substantial change of circumstances has occurred since this shared parenting plan was approved and adopted by this Court and * * * termination of the shared parenting plan is in the best interests of the minor child."

{¶14}  The trial court adopted and approved the magistrate's decision and issued an order consistent with the magistrate's recommendation that same day.  However, Faulks filed timely pro se objections to the magistrate's decision, which appeared to set forth her version of the pertinent facts; she also filed a transcript of the magistrate's hearing.  The trial court overruled Faulks's objections, adopted the magistrate's findings of fact and conclusions of law, terminated the shared parenting plan previously approved by the court, designated Flynn as the legal custodian and residential parent of the parties' child, and granted Faulks parenting time pursuant to Loc.R. 6.0.

## II.  ASSIGNMENTS OF ERROR

{¶15}  Faulks assigns the following errors for our review:

I.  The trial court erred at law by terminating shared parenting rather than considering the motion to modify custody filed by Defendant-Appellee.

II. The trial court failed to conduct a *de novo* review with greater scrutiny of the magistrate's decision upon Plaintiff's filing timely objections.

III. Scioto County D.R. Local Rule 6 is unconstitutionally burdensome for parties living several states apart and thus not in the best interests of the child; a violation of the Appellant's parental right; and an abuse of discretion.

## III. LAW AND ANALYSIS

### A. Termination of Shared Parenting

**{¶16}** In her first assignment of error, Faulks asserts that the trial court erred by terminating shared parenting rather than deciding Flynn's motion to modify custody. Faulks claims that the trial court's April 2008 judgment, which authorized her to move to Florida with the parties' child the first time and granted Flynn parenting time constituted a constructive termination of the shared parenting decree so that the trial court should have applied a change-of-circumstances standard rather than a best-interests standard to its latest determination.

**{¶17}** A party forfeits or waives the right to challenge the trial court's adoption of a factual finding or legal conclusion unless the party objects in accordance with Civ.R. 53(D)(3)(b). Civ.R. 53(D)(3)(b)(iv); *State ex rel. Muhammad v. State*, 133 Ohio St.3d 2012-Ohio-4767, 979 N.E.2d 296, ¶ 3 (appellant waived claim on appeal by failing to specifically raise claim in his objections to the magistrate's decision in the trial court); *Liming v. Damos*, 4th Dist. Athens No. 08CA34, 2009-Ohio-6490, ¶ 14; *see also Burriss v. Burriss*, 4th Dist. Lawrence Nos. 09CA21 and 10CA11, 2010-Ohio-6116, ¶ 28, citing *Kiewel v. Kiewel*, 9th Dist. Medina No. 09CA0075-M, 2010-Ohio-2945, ¶ 17 (discussing the difference between forfeiture and waiver).

**{¶18}** Under Civ.R. 53(D)(3)(b)(i), a party must file objections within 14 days of the filing of the magistrate's decision. The objections must be "specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). For objections to findings of fact, they must be "supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv). " 'In essence, the rule is based on the principle that a trial court should have a chance to correct or avoid a mistake before its decision is subject to scrutiny by a reviewing court.' " *Liming* at ¶ 14, quoting *Barnett v. Barnett*, 4th Dist. Highland No. 04CA13, 2008-Ohio-3415, ¶ 16.

**{¶19}** In her objections to the magistrate's decision, Faulks did not raise the issue now raised by appellate counsel, i.e. that court erred in adopting the magistrate's recommendation to terminate the shared parenting order because the court had already done so and declared her the residential parent. Thus she argues the court had to proceed on Flynn's motion to modify "custody." However, she forfeited or waived this claim, except for plain error. Civ.R. 53(D)(3)(b)(iv).

**{¶20}** "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the

legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus. Because parental rights determinations are difficult to make and appellate courts accord wide latitude to the trial court's consideration of evidence in these cases, "[p]lain error is particularly difficult to establish." *See generally Robinette v. Bryant*, 4th Dist. Lawrence No. 12CA20, 2013-Ohio-2889, ¶ 28.

**{¶21}** Faulks does not assert plain error here. She does not acknowledge her failure to raise her claim in her objections to the magistrate's decision.

**{¶22}** Moreover, she invited any error by the trial court; both she and Flynn testified at the hearing before the magistrate that they did not believe that the trial court's 2008 entry that she now claims constructively terminated the 2003 shared parenting order actually had that effect. *See State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517, ¶ 27 ("Under [the invited-error] doctrine, a party is not entitled to take advantage of an error that he himself invited or induced the court to make"); *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, 934 N.E.2d 920, ¶10 (even plain error is waived where error is invited); *In the Matter of S.N.T. and S.L.T.*, 4th Dist. Washington No. 12CA2, 2012-Ohio-3266, ¶ 10 (party in custody proceeding waived appellate claim that trial court should have applied change-in-circumstances standard before awarding custody when party advocated a different standard in the trial court).

**{¶23}** Faulks's argument that neither party's filings expressly requested the court to terminate the shared parenting decree is not persuasive. Under R.C. 3109.04(E)(2)(c), the trial court can terminate a shared parenting decree whenever the

court determines the plan is no longer in the child's best interest. *See Myers v. Myers,* 153 Ohio App.3d 243, 2003-Ohio-3552, 792 N.E.2d 770, ¶37-40 (7th Dist.).

**{¶24}** The trial court did not abuse its broad discretion in terminating the shared parenting order when no prior entry had specifically terminated it. *See Babcock v. Welcome*, 4th Dist. Ross No. 11CA3273, 2012-Ohio-5284, ¶ 7 (decisions concerning child-custody matters will not be reversed absent an abuse of discretion); *In the Matter of J.L.R. and M.M.R.*, 4th Dist. Washington No. 08CA17, 2009-Ohio-5812, ¶ 28 (termination of parties' prior shared parenting plan under R.C. 3109.04(E)(2)(c) does not require a finding of a change in circumstances). Although the record is replete with evidence that would satisfy a substantial change in circumstances analysis, this same evidence also established that termination of shared parenting and naming Flynn the custodial parent was in the child's best interest: Faulks relocated with the parties' son to Florida in 2010 without notifying the trial court, Faulks moved five times since the 2008 judgment, the parties' son attended three different school districts in a three-year period, and the parties' son experienced academic and behavioral problems at school.

**{¶25}** Because Faulks has not established error, much less plain error, in the trial court's custody determination, we overrule her first assignment of error.

### B. Independent Review of Magistrate's Decision and Objections

**{¶26}** In her second assignment of error, Faulks contends that the trial court erred in failing to conduct meaningful a de novo review of the magistrate's decision upon her filing of timely objections.

**{¶27}** Under Civ.R. 53(D)(4)(d), "[i]n ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the

magistrate properly determined the factual issues and appropriately applied the law." "A presumption of regularity attaches to all judicial proceedings." *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 19. Appellate courts thus presume that a trial court conducted an independent analysis in reviewing a magistrate's decision in accordance with Civ.R. 53(D)(4)(d), and the party claiming that the trial court did not do so bears the burden of rebutting the presumption. *See Sheeter v. Sheeter*, 4th Dist. Jackson No. 12CA7, 2013-Ohio-1524, ¶ 27. This burden requires more than a mere inference, and simply because a trial court adopted a magistrate's decision does not mean that the court failed to exercise independent judgment. *Id.*

**{¶28}** Faulks first claims that the trial court did not conduct an independent review because it specified that it was terminating the shared parenting *plan*, and not the shared parenting *decree*, which adopted the plan. This does not establish that the trial court failed to conduct an independent review of the magistrate's decision. First, the decision refers to the plan approved by the court, which is the decree. Second, she did not timely object to the magistrate's similar use of the term "plan" instead of "decree" in his decision.

**{¶29}** Faulks next claims that the trial court did not indicate that it considered her detailed objections. The trial court's judgment, however, expressly stated that it "reviewed the Plaintiff's Objections and * * * the transcript of the proceedings." In essence Faulks's pro se objections included her version of the pertinent facts in the case. They were contradicted by the magistrate's detailed findings of fact, which were supported by the transcript of the hearing. Faulks's claim is meritless.

**{¶30}** Finally, Faulks claims that the magistrate's oral decision, which was "at odds with its rambling explanation why it needed to find a change of circumstances (and why it didn't)" in the magistrate's written decision, indicates that the trial court did not conduct an independent review. The mere fact that a written decision is at odds with a prior oral pronouncement does not indicate error or, for that matter, that a trial court failed to conduct an independent review of the magistrate's written decision. *See Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus ("A court of record speaks only through its journal and not by oral pronouncement"). And the magistrate's written decision was justified by its findings and conclusions. Notably, Faulks does not claim on appeal that the trial court erred in failing to sustain any of her objections regarding her version of the pertinent facts—instead, her appellate counsel concedes that the pro se objections "are not in the form counsel might employ."

**{¶31}** Therefore, Faulks has not met her burden of rebutting the presumed validity of the trial court's decision. Civ.R. 53(D)(4)(d) authorizes a trial court to overrule objections and adopt a magistrate's decision "if the court completely agree[s] with it." *See Arnold v. Arnold*, 4th Dist. Athens No. 04CA36, 2005-Ohio-5272, ¶ 33. As in *Arnold*, the magistrate here prepared a detailed decision concerning parental rights, which contained sufficient facts to assist the trial court in independently determining the best interest of the child. We overrule Faulks's second assignment of error.

### C. Constitutionality of Loc.R. 6.0

**{¶32}** In her third assignment of error, Faulks claims that Loc.R. 6.0 of the Scioto County Court of Common Pleas, Domestic Relations Division is

unconstitutionally burdensome for parties living several states apart, and thus is not in the best interests of the child, is a violation of her parental rights, and constitutes an abuse of discretion.  The trial court granted Faulks parenting time in accordance with Loc.R. 6.0 "and at such other times as the parties may agree."  Loc.R. 6.0 sets forth standard visitation schedules, based on the child's age and how far the parties live from each other.

**{¶33}**  "A party forfeits constitutional arguments when the party fails to raise them before the trial court and instead, raises them for the first time on appeal."  *In re C.P.*, 4th Dist. Athens No. 12CA18, 2013-Ohio-889, ¶ 8.  " 'Constitutional rights may be lost as finally as any others by a failure to assert them at the proper time.' "  *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs*, 14 Ohio St.2d 56, 62, 236 N.E.2d 545 (1968).

**{¶34}**  Faulks could have raised this issue in her objections to the magistrate's decision, but she failed to do so.  She is thus precluded from raising this claim on appeal.

**{¶35}**  Moreover, by not addressing the fact that she did not raise this constitutional argument in the trial court, Faulks fails to present "exceptional circumstances" warranting a finding of plain error.  *See, e.g., C.P.* at ¶ 9 (appellant failed to present extraordinary reason to justify finding of plain error when he did not address the fact that he did not raise constitutional arguments during the trial court proceedings).

**{¶36}**  Finally, Faulks argues that parties should be able to craft their own agreement on visitation given their needs, including longer, but less frequent visits, or

entire school vacations.  But the trial court's judgment already permits the parties to agree to other visitation times.

**{¶37}**  The merits of her constitutional claim are not properly before us. Therefore, we overrule Faulks's third assignment of error.

## IV.  CONCLUSION

**{¶38}**  Based on the foregoing, the trial court did not err in terminating the shared parenting decree, designating Flynn the legal custodian and residential parent of the parties' son, and awarding Faulks parenting time.  Having overruled Faulks's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hoover, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**