[Cite as *In re C.N.*, 2018-Ohio-2442.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

IN RE:

    C.N.

A DELINQUENT CHILD.

CASE NO. 6-17-16

O P I N I O N

IN RE:

    C.N.

A DELINQUENT CHILD.

CASE NO. 6-17-23

O P I N I O N

Appeal from Hardin County Common Pleas Court
Juvenile Division
Trial Court No. JD20162158

**Judgments Affirmed**

**Date of Decision:  June 25, 2018**

APPEARANCES:

    *Timothy B. Hackett* **for Appellant**

    *Jason M. Miller* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-Appellant C.N. appeals the judgments of the Juvenile Division of the Hardin County Court of Common Pleas. For the reasons set forth below, the judgments of the juvenile court are affirmed.

*Facts and Procedural History*

{¶2} C.N. resided with his custodial grandmother ("Young"). Doc. 1. On December 4, 2016, C.N. stole Young's credit cards, cell phone, and car. C.N. then drove Young's vehicle without a license and picked up a friend. February 22 Hearing Tr. 15. C.N. and his friend then stole another vehicle and crashed the two stolen vehicles into each other. *Id*. at 15-16. These acts led to a complaint with nine counts being filed against C.N. Doc. 1. On January 13, 2017, an attorney was appointed to represent C.N. Doc. 8.

{¶3} On February 22, 2017, C.N. entered an admission to two counts of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1); two counts of criminal damaging in violation of R.C. 2909.06(A)(1); one count of theft of credit cards in violation of R.C. 2913.71(A); and one count of tampering with evidence in violation of R.C. 2921.12(A)(1). Three other counts were dismissed as part of a plea agreement. Doc. 20. At this hearing, Young was given a chance to speak and said:

> **I'm not trying to make excuses for [C.N.]. He's had a pretty crappy life from the time he was born. What he did with my car, I never thought he could possibly do. * * * This is serious. * * * I**

> **don't think CN needs to go to DYS.  \* \* \* I just think that CN needs help mentally, emotionally, to deal with what he's had to deal with his whole life.**
>
> **\* \* \***
>
> **And I hope he understands the seriousness of what he has done, not only to me, but to his brother, to all of us \* \* \*.  And I think he should be put in a facility where he gets counseling for everything that he's done.**

February 22 Hearing Tr. 22-24.  In her victim impact statement, Young said that C.N. "needs help to learn what he did is not acceptable" and that she was "hurt" by his conduct.  Doc. 25.

{¶4} On February 22, 2017, the juvenile court placed C.N. on probation and ordered a two-year commitment to the Department of Youth Services ("DYS").  Doc. 24.  This DYS commitment was suspended provided that he successfully completed a rehabilitation program at the North Central Ohio Rehabilitation Center ("NCORC").  Doc. 24.  On May 26, 2017, the State filed a motion to invoke the suspended DYS commitment.  July 10 Hearing Tr. 3.  Doc. 28.  This motion contained a record documenting C.N.'s involvement in fifty-eight different incidents in between the time he was placed in NCORC on February 24, 2017, and May 10, 2017.  July 10 Hearing Tr. at 8.  Doc. 28.

{¶5} At a hearing on July 24, 2017, C.N. consented to the motion to invoke. July 14 Hearing 4, 6.  Subsequently, Young was given the opportunity to speak to the juvenile court and said:

> **I just—I don't know what to say. * * * I can't go to DYS. It's not—I don't know. It's hard to see your first grandchild there. I just hope and pray that he does what he's supposed to and not listen to other people and come home and do what he's supposed to do.**

July 14 Hearing Tr. 9. Young and C.N.'s appointed counsel were present for all of the hearings during this entire process.

{¶6} Appellant filed his notice of appeal and raises the following three assignments of error:

### First Assignment of Error

**The juvenile court plainly erred when it failed to appoint a guardian ad litem to protect minor child C.N.'s best interests in violation of R.C. 2151.281(A)(2) and Juv.R. 4(B)(2).**

### Second Assignment of Error

**The juvenile court violated C.N.'s right to due process of law when it failed to appoint a guardian ad litem, in violation of R.C. 2151.281(A)(2) and Juv.R. 4(B)(2). Fifth and Fourteenth Amendments to the U.S. Constitution; Article I, Section 16 of the Ohio Constitution.**

### Third Assignment of Error

**C.N. was denied the effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution; and, Article I, Section 10 of the Ohio Constitution.**

Doc. 42.

### *First Assignment of Error*

{¶7} C.N. argues that the juvenile court was required to appoint a GAL because his custodial grandparent was the victim of his offenses. He argues that

-4-

this was a conflict of interest and that his best interest could not have been represented without a GAL.

Legal Standard

{¶8} Under R.C. 2151.281(A)(2),

**(A) The court shall appoint a guardian ad litem, subject to rules adopted by the supreme court, to protect the interest of a child in any proceeding concerning an alleged or adjudicated delinquent child or unruly child when either of the following applies:**

**\* \* \***

**(2) The court finds that there is a conflict of interest between the child and the child's parent, guardian, or legal custodian.**

R.C. 2151.281(A)(2). Similarly, Juv.R. 4(B)(2) states

**The court shall appoint a guardian ad litem to protect the interests of a child or incompetent adult in a juvenile court proceeding when:**

**(2) The interests of the child and the interests of the parent may conflict \* \* \*.**

Juv.R. 4(B)(2). These provisions of Ohio law require a juvenile court to appoint a GAL if a conflict of interest exists between the juvenile and his or her legal custodian. *See State v. Morgan*, 2017-Ohio-7565, --- N.E.3d ---, ¶ 55.

{¶9} If the juvenile does not object to the failure of the juvenile court to appoint a GAL in accordance with R.C. 2151.281(A)(1), the error, on appeal, "is subject to the criminal plain-error standard of review \* \* \*." *Id.* "The standard for plain error is whether, but for the error, the outcome of the proceeding clearly would

have been otherwise." *State v. Taflinger*, 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 17, quoting *State v. Hornbeck*, 155 Ohio App.3d 571, 2003–Ohio–6897, 802 N.E.2d 184, ¶ 16 (2d Dist.). The defendant bears the burden of establishing that his substantial rights were prejudiced. *State v. Davis*, 3d Dist. Seneca No. 13-16-30, 2017-Ohio 2916, ¶ 23. "[S]peculation cannot prove prejudice." *Morgan, supra*, at ¶ 53. Notice of plain error is taken "only to 'prevent a manifest miscarriage of justice.'" *Davis* at ¶ 23, quoting citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), at paragraph three of the syllabus.

Legal Analysis

{¶10} We begin this analysis by noting that no objection was raised below over the juvenile court's failure to appoint C.N. a GAL. For this reason, all but plain error is waived on appeal. *Morgan* at ¶ 55. In this case, the juvenile court did appoint counsel for C.N. Juvenile courts, at times, task attorneys with the dual responsibility of serving as appointed counsel and as GAL. *See In re Williams*, 101 Ohio St.3d 398, 2004-Ohio-1500, 805 N.E.2d 1110, ¶ 18. Though the juvenile court did not ask C.N.'s counsel to serve as a GAL in this case, C.N. has not shown how having a GAL alongside his appointed counsel or having his attorney serve as a GAL would have caused him to diverge from the course of action recommended by his attorney.

{¶11} Further, C.N.'s appointed counsel and Young were present for all hearings. Young's statements to the court were not adverse to C.N.'s best interests

and did not appear to have a prejudicial impact on the outcome of this proceeding. Even if the juvenile court should have appointed a GAL in this case, C.N. has not demonstrated how the outcome of his case would have been different had a GAL been involved. The arguments presented on appeal to establish prejudice are speculative. For this reason, C.N.'s first assignment of error is overruled.

*Second Assignment of Error*

{¶12} C.N. argues that the failure of the juvenile court to appoint him a GAL was a due process violation that deprived him of a fair proceeding.

Legal Standard

{¶13} "Due-process rights are applicable to juveniles through the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution." *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883, ¶ 23. "A procedural-due-process challenge concerns the adequacy of the procedures employed in a government action that deprives a person of life, liberty, or property." *Ferguson v. State*, 151 Ohio St.3d 265, 2017-Ohio-7844, 87 N.E.3d 1250, ¶ 42. Procedural due process requires "fundamental fairness" in juvenile proceedings. *Id*. at ¶ 23, 26; *Sohi v. Ohio State Dental Bd.*, 130 Ohio App.3d 414, 422, 720 N.E.2d 187 (1st Dist. 1998). The Ohio Supreme Court has "not explicitly articulated what 'fundamental fairness' means in a juvenile proceeding," but has stated that "[a] court's task is to ascertain what process is due in a given case, * * * while being true to the core concept of due

process in a juvenile case—to ensure orderliness and fairness." *Aalim* at ¶ 23, quoting *McKeiver v. Pennsylvania*, 403 U.S. 528, 541, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971) (plurality opinion).

Legal Analysis

{¶14} In the first assignment of error, we found that, even if the juvenile court's failure to appoint a GAL was an error, this error did not prejudice C.N. and did not affect the outcome of this judicial process. Similarly, in this assignment of error, we find that even if the juvenile court's failure to appoint a GAL was an error, this error did not prejudice C.N. in this particular case and did not affect the fundamental fairness of these proceedings. Since C.N. has not shown how the absence of a GAL in this particular proceeding deprived him of the fundamental fairness that procedural due process requires, his second assignment of error is overruled. *See Aalim* at ¶ 27.

*Third Assignment of Error*

{¶15} C.N. argues that he was denied the effective assistance of counsel as his attorney failed to object over the juvenile court's failure to appoint him a GAL.

Legal Standard

{¶16} In order to prove an ineffective assistance of counsel claim, the appellant must carry the burden of establishing (1) that his or her counsel's performance was deficient and (2) that this deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80

L.Ed.2d 674, 693 (1984).  If the petitioner cannot prove one of these elements, "it [is] unnecessary for a court to consider the other prong of the test." *State v. Walker*, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20 (3d Dist.).

{¶17} "To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Conway* at ¶ 95.  "The failure to make objections alone is not enough to sustain a claim of ineffective assistance of counsel." *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 168.  Appellate courts are to examine the record to determine whether the defendant had a fair proceeding under the circumstances and whether substantial justice was done. *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus.

Legal Analysis

{¶18} In his first assignment of error, C.N. was unable to carry the burden of establishing that the outcome of this process would have been different had the juvenile court appointed him a GAL.  If the juvenile court's alleged error did not prejudice C.N., then the failure of C.N.'s counsel to raise an objection over the juvenile court's alleged error did not prejudice C.N.  Thus, C.N. was not denied the effective assistance of counsel.  His third assignment of error is, therefore, overruled.

*Conclusion*

{¶19} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of Juvenile Division of the Hardin County Court of Common Pleas are affirmed.

***Judgments Affirmed***

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**