[Cite as *In re D.H.*, 2022-Ohio-986.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

IN RE:

D.H.,

ADJUDICATED DELINQUENT CHILD.

CASE NO. 5-21-27

O P I N I O N

IN RE:

D.H.,

ADJUDICATED DELINQUENT CHILD.

CASE NO. 5-21-28

O P I N I O N

**Appeals from Hancock County Common Pleas Court
Juvenile Division
Trial Court Nos. 20192195 and 201902196**

**Judgments Affirmed**

**Date of Decision: March 28, 2022**

**APPEARANCES:**

　　*Lauren Hammersmith* **for Appellant**

　　*Heather M. Pendleton* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Delinquent child, D.H., appeals the July 28, 2021 judgment entries of the Hancock County Court of Common Pleas, Juvenile Division, (hereafter "Hancock County Juvenile Court") classifying D.H., as a tier III juvenile offender registrant ("JOR"). For the reasons that follow, we affirm.

{¶2} The genesis of this case is the placement of D.H. (age 16) with a relative (i.e. his maternal uncle) for adoption.[1] D.H.'s uncle resided with his fiancé and her two daughters (Al.S. age 10 and Av.S. age 11). D.H. admittedly had sexual contact with both Al.S. and Av.S. on different dates.

{¶3} As a result of Al.S.'s and Av.S.'s disclosures of sexual contact, two separate complaints were filed on September 18, 2019 in Sandusky County Common Pleas Court, Juvenile Division (hereinafter "Sandusky County Juvenile Court"). Both complaints alleged that D.H. was a delinquent child for committing acts that if charged as an adult would constitute Gross sexual imposition ("GSI") in violation of R.C. 2907.05(A)(4), third-degree felonies.[2] (Case No. 20192196, Doc. No. 2); (Case No. 20192195, Doc. No. 4).

---

[1] D.H. was in the permanent custody of the Hancock County Job and Family Services, Child Protective Services Unit pursuant to case number 20153007, at the time of his placement, having been voluntarily surrendered by his mother. (*See* July 27, 2021 Tr. at 28); (Joint Ex. 10); (Case No. 20192196, Doc. No. 9); (Case No. 20192195, Doc. No. 13). *See also* Juv.R. 38(B).

[2] D.H. was on probation through Hancock County Juvenile Court, in case number 20182232 for having been adjudicated a delinquent child for committing an act that if charged as an adult would constitute Felonious assault in violation of R.C. 2903.11(A)(1). (*See* July 27, 2021 Tr. 27-28); (Joint Ex. 10) (Case No. 20192196, Doc. No. 9); (Case No. 20192195, Doc. No. 13). The records for D.H.'s companion case is not presently before us on appeal.

**{¶4}** On September 19, 2019, D.H. entered admissions to the single count in each complaint. Thereafter, the Sandusky Count Juvenile Court adjudicated D.H. a delinquent child. (Case No. 20192196, Doc. No. 2); (Case No. 20192195, Doc. No. 4). Then, the Sandusky County Juvenile Court transferred the case to Hancock County Juvenile Court for disposition.

**{¶5}** At the dispositional hearing held on October 22, 2019, the Hancock County Juvenile Court ordered that D.H. be committed into the legal custody of the Ohio Department of Youth Services ("DYS") for a minimum period of six months to age 21 (in each case) to be run consecutively one another.

**{¶6}** D.H. remained in DYS until Hancock County Juvenile Court was notified (by DYS) that D.H. was scheduled for release on July 27, 2021. Then, the Hancock County Juvenile Court scheduled the matter for a juvenile-sex-offender-classification hearing. Prior to the classification hearing, D.H. filed a memorandum in support of a tier I classification, which the State opposed. Nevertheless, at the classification hearing held on July 27, 2021, the parties agreed that D.H. is a mandatory-juvenile-offender registrant based on his age at the time he committed the offenses, his acts, and the time of his release from a secure facility. At the hearing, the trial court made factual findings (as to age, acts, and the time of release from a secure facility) and subsequently classified D.H. as a tier III JOR with

community notifications. (July 27, 2021 Tr. at 164); (Case No. 20192196, Doc. No. 29); (Case No. 20192195, Doc. No. 36).

**{¶7}** D.H. timely appeals the judgments of the Hancock County Juvenile Court and raises one assignment of error in each of his two cases, which we have consolidated for our review.

### Assignment of Error

**R.C. 2152.83's allowance of harsher treatment of juvenile sex offenders than adult sex offenders violates the prohibition against cruel and unusual punishment; Eighth, and Fourteenth Amendments to the U.S. Constitution; and Article I, Sections 9, 10, and 16 of the Ohio Constitution. (A-1).**

**{¶8}** In his sole assignment of error, D.H. argues that trial court's classification of D.H. as a tier III JOR pursuant to the provisions set forth in R.C. 2152.83 constitutes cruel and unusual punishment under the federal and state constitutions since an adult convicted of the identical offenses under R.C. 2907.05(A)(4) could only be classified as a tier II offender under Chapter 2950.

### *Standard of Review*

**{¶9}** We review the determination of a statute's constitutionality de novo. *State v. Hudson*, 3d Dist. Marion, 2013-Ohio-647, ¶ 27, citing *Akron v. Callaway*, 9th Dist. Summit, 2005-Ohio-4095, ¶ 23 and *Andreyko v. Cincinnati*, 1st Dist. Hamilton, 2003-Ohio-2759, ¶ 11. "De novo review is independent, without

deference to the lower court's decision." *Id.*, citing *Ohio Bell Tel. Co. v. Pub. Util. Comm. of Ohio*, 64 Ohio St.3d 145, 147 (1992).

*Analysis*

**{¶10}** The only issue before this court is whether the Hancock County Juvenile Court's tier III JOR classification of D.H. constitutes cruel and unusual punishment. However, the record reveals that D.H. never raised a cruel-and-unusual-punishment argument in the trial court. Notably, when D.H. filed his memorandum in the trial court, his focus was on the trial court's tier classification offering merely a passing reference that a juvenile classified at a higher tier than an adult for a similar offense may constitute a violation of the *Equal Protection Clause*. (*See* Case No. 20192196, Doc. No. 25); (Case No. 20192195, Doc. No. 32). Indeed, D.H.'s prayer for relief in the trial court did not test the constitutionality of this juvenile-sex-offender-registration statute (i.e., R.C. 2152.83), but rather, a tier I JOR classification. (*Id.*); (*Id.*). Importantly, at the classification hearing, D.H.'s trial counsel objected to D.H.'s tier III JOR classification based upon his memorandum, not on Eighth Amendment Constitutional grounds. (July 27, 2021 Tr. at 173).

**{¶11}** "The question of constitutionality of a statute must generally be raised at the first opportunity * * * in the trial court." *State v. Awan*, 22 Ohio St.3d 120, 122 (1986), *limited by*, *In re M.D.*, 38 Ohio St.3d 149 (1988), syllabus. If a party fails to object to a constitutional issue at trial, an appellate court need not consider

the objection for the first time on appeal. *Id.*, paragraph one of the syllabus. Here, the record suggests that D.H. did not raise this constitutional argument in the trial court and now raises this argument for the first time on appeal. Nevertheless, we note that it is within our purview to exercise our discretion and review the trial court's JOR classification for plain error. *See In re L.N.*, 6th Dist. Wood No. WD-16-043, 2018-Ohio-3982, ¶ 10; *In re N.Z.*, 11th Dist. Lake No. 2012-L-100, 2014-Ohio-157, ¶ 10. *See also In re C.P.*, 4th Dist. Athens No. 12CA18, 2013-Ohio-889, ¶ 10, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002); accord *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 16. Where error is not preserved in juvenile-delinquency proceedings, we apply the same plain-error standard that we apply to criminal proceedings. *See State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 48-49 (citations omitted).

{¶12} To establish plain error under Crim.R. 52(B), the party claiming error must establish: (1) that an error, i.e., a deviation from a legal rule, occurred; (2) that the error was an "obvious" defect in the trial proceedings; and (3) that this obvious error affected substantial rights, i.e., the error must have affected the outcome of the trial. *See id.* at ¶ 36. *See also In re C.N.*, 3d Dist. Hardin Nos. 6-17-16 and 6-17-23, 2018-Ohio-2442, ¶ 9, citing *Morgan* at ¶ 55. "'The standard for plain error is whether, *but for* the error, the outcome of the proceeding clearly would have been otherwise.'" (Emphasis added.) *State v. Taflinger*, 3d Dist. Logan No. 8-17-20,

2018-Ohio-456, ¶ 17, quoting *State v. Hornbeck*, 2d Dist. Champaign No. 2003 CA 13, 2003-Ohio-6897, ¶ 16. Significantly, the defendant (here the delinquent child, D.H.) bears the burden of establishing that his substantial rights were prejudiced. *State v. Davis*, 3d Dist. Seneca No. 13-16-30, 2017-Ohio 2916, ¶ 23. "[S]peculation cannot prove prejudice." *Morgan*, *supra*, at ¶ 54. Notice of plain error is taken "only to 'prevent a manifest miscarriage of justice.'" *Davis* at ¶ 23, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. The burden to demonstrate plain error falls upon the party seeking to assert it. *Quarterman* at ¶ 16. Importantly, D.H. did not raise *any* plain-error argument on appeal. *See State v. Hahn*, 3d Dist. Henry No. 7-21-02, 2021-Ohio-3789, ¶ 10. Consequently, we decline to fashion one for him. *Id.*

**{¶13}** Accordingly, D.H.'s sole assignment of error is overruled.

**{¶14}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**